IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LA'SHONDA KILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-1002-GMB |
| | ) | [WO] |
| FASTENAL COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION AND ORDER**[1]

On December 28, 2016, Defendant Fastenal Company, Inc. ("Fastenal") removed this action from the Circuit Court of Montgomery County, Alabama on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Doc. 1. At the time of removal, Defendant Robert Jason Capes was an alleged citizen of Georgia but had not been served by the plaintiff.[2] Doc. 1 at ¶ 4. Removal was accomplished via 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Doc. 1. Fastenal answered the plaintiff's complaint contemporaneously with the filing of its notice of removal. Doc. 2.

---

[1] With the parties' consent, the undersigned United States Magistrate Judge will conduct all proceedings in this matter including the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Docs. 33–35.
[2] Until March 14, 2018, the Plaintiff was proceeding in this matter *pro se*. She is now represented by counsel. *See* Doc. 69.

On January 9, 2017, Fastenal filed an amended notice of removal for the specific purpose of correcting Capes' citizenship. Doc. 5. According to the amended removal petition, Capes "is now and was at the time of the filing of the original Complaint and at all times intervening a resident citizen of Montgomery, Alabama." Doc. 5 at ¶ 4. Removal was again based on diversity of citizenship and accomplished via 28 U.S.C. § 1441(a). Indeed, Fastenal alleged that this court had subject-matter jurisdiction over this matter through § 1441 "because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff and . . . Fastenal." Doc. 5 at ¶ 5. To support this allegation, Fastenal alleged that the plaintiff "is a resident of Alabama," that Fastenal is a citizen of Minnesota, and that Capes, who was still unserved, is a citizen of Alabama; therefore, according to Fastenal, "there is complete diversity of citizenship under 28 U.S.C. § 1332." Doc. 5 at ¶¶ 2–6.

On February 21, 2017, Fastenal filed its second amended notice of removal to clarify the plaintiff's citizenship.[3] Doc. 9. In this amended petition, Fastenal alleged that the plaintiff is a resident citizen of Alabama, that Fastenal is a citizen of Minnesota,[4] and that Capes—still unserved—"is now and was at the time of the filing of the original Complaint and at all times intervening a resident citizen of Alabama." Doc. 9 at ¶¶ 2–6. Fastenal again alleged that removal was proper under § 1441 because there is complete

---

[3] Unlike the first amended removal petition, this petition was not filed of Fastenal's own volition but in response to an order from the court specifically directing it to clarify the Plaintiff's citizenship. *See* Doc. 8.
[4] There is no dispute that the Plaintiff is a citizen of Alabama and that Fastenal is a citizen of Minnesota.

diversity of citizenship between the plaintiff and Fastenal and the amount in controversy exceeds $75,000, exclusive of interest and costs.[5] Doc. 9 at ¶¶ 5–6.

Capes was served on May 9, 2017, and on May 30, 2017 he answered the complaint and consented to removal. Docs. 20–22.

The court is required to raise the issue of subject-matter jurisdiction *sua sponte* at any point during the litigation when a doubt about jurisdiction arises. *E.g., Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Accordingly, on February 22, 2018, the court entered an order directing the defendants to address, with supporting citations to relevant authority, the following questions:

1. For purposes of an action removed to federal court from state court, whether subject-matter jurisdiction is determined at the time of the initial notice of removal, regardless of whether a subsequent amended notice of removal demonstrates that the plaintiff and the defendant are no longer diverse.

2. For purposes of an action removed to federal court from state court, whether the status of service on a defendant affects removability under 28 U.S.C. § 1441(a) and, if so, how. In other words, when determining whether subject-matter jurisdiction exists, may the court disregard the citizenship of a non-diverse defendant simply because he has not been served at the time of removal?

3. For purposes of an action removed to federal court from state court, if the court is not required to consider the citizenship of an unserved non-diverse defendant at the time a notice of removal is filed, does subsequent service on the non-diverse defendant destroy or otherwise affect the court's subject-matter jurisdiction?

Doc. 67. The defendants filed their response to the show-cause order on March 8, 2018, and the plaintiff filed her reply on March 15, 2018. Docs. 68 & 70. Because, as explained

---

[5] There is also no dispute that the amount in controversy has been met.

below, original subject-matter jurisdiction did not exist at the time the case was initially removed, and because a district court must dismiss or remand an action at any time it determines that subject-matter jurisdiction is lacking, *see* Fed. R. Civ. P. 12(h)(3), the undersigned finds that this case must be remanded to the Circuit Court of Montgomery County, Alabama, as set forth below.

As the court has already noted, Fastenal removed this case through 28 U.S.C. § 1441(a), which permits the removal of a state-court action to federal court when "the district courts of the United States have original jurisdiction." The original jurisdiction supporting the instant removal is diversity jurisdiction under 28 U.S.C. § 1332, which provides, in relevant part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). It follows that since the propriety of removal is determined at the time of removal, *see, e.g.*, *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007), for this court to have subject-matter jurisdiction over the instant case, diversity jurisdiction must have existed at the time Fastenal filed its initial notice of removal. Otherwise, the original jurisdiction on which Fastenal premised removal under § 1441 (*i.e.*, diversity jurisdiction) would be absent.

After reviewing the initial notice of removal, the January 9th corrected notice of removal, and the parties' briefing, the court finds that, at the time of removal, it did not have original subject-matter jurisdiction on which removal could be predicated under § 1441, and therefore Fastenal's removal of this matter was improper. The court notes that

Fastenal's initial notice of removal alleged that Capes was a citizen of Georgia.[6] However, the January 9th amended notice of removal, which was filed to correct Capes' alleged citizenship, unequivocally alleges that Capes "is now and was at the time of the filing of the original Complaint and <u>at all times intervening</u> a resident citizen of Montgomery, Alabama." Doc. 5 at ¶ 4 (emphasis added). Hence, it is clear from this allegation that Capes was not a citizen of Georgia when either the complaint or the initial notice of removal were filed—rather, he was an Alabama citizen at all relevant times. The end result of this clarification is that, at the time the initial notice of removal was filed, there was not complete diversity and, as a result, the court lacked the original jurisdiction necessary for Fastenal to remove this action under § 1441.

Fastenal argues that the court should not consider Capes' citizenship when assessing the propriety of removal because he was unserved at the time the case was removed (and, though irrelevant, at the time the amended notices of removal were filed). If the court were to disregard Capes' citizenship simply because he was unserved at the time of removal, then subject-matter jurisdiction would be present. However, the law does not grant the court this luxury. Indeed, as a district court in the Southern District of Alabama artfully explained, "it is beyond cavil that '[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.'" *Am. Res. Ins. Co. v. Evoleno Co., LLC*, 2007 WL 582116, at *3 (S.D. Ala. Feb. 21, 2007) (quoting *New York*

---

[6] Notably, Capes denied in his answer the Plaintiff's allegation that he was a resident of Georgia. Doc. 21.

5

*Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998)); *see also Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) (holding that "the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal"); *Beritiech v. Metro. Life Ins. Co.*, 881 F. Supp. 557, 560 (S.D. Ala. 1995) (noting that "a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service"). In short, the court must consider Capes' citizenship when assessing diversity jurisdiction, regardless of whether he had been served at the time of removal. Since Capes is and was at all relevant times an Alabama citizen, complete diversity and, thus, original jurisdiction did not exist at the time of removal.

In an attempt to overcome the diversity pitfall created by Capes' citizenship, Fastenal points to 28 U.S.C. § 1441(b), known as the forum-defendant rule, which provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). Applying this statute to the instant case, Fastenal argues that, under § 1441(b)'s plain language, "when an in-state defendant has not been served at the time of removal, that defendant's citizenship has no bearing on removal." Doc. 68 at 4. What this argument overlooks, however, is that the service exception in the forum-defendant rule is irrelevant if, as in this case, diversity jurisdiction under § 1332 (and, consequently, original jurisdiction under § 1441) did not exist at the time of removal.

Indeed, the application of the forum-defendant rule is predicated on an action being "otherwise removable" solely on the basis of diversity jurisdiction. This is not such a case, as explained above. Fastenal's reliance on *Pathmanathan v. Jackson National Life Insurance Company*, 2015 WL 4605757, at *1 (M.D. Ala. July 30, 3015), is also misplaced, as that case, while dealing with the application of the forum-defendant rule, involved undisputedly diverse parties. In sum, the law does not allow the court to disregard Capes' citizenship, nor does it sanction Fastenal's overly broad reading of § 1441 to stave off remand.

While it is not lost on the court that the parties have been litigating this matter for quite some time in a federal forum, questions of subject-matter jurisdiction must be rectified *sua sponte* when they are identified, irrespective of the current state of the litigation. Accordingly, for the reasons stated above, the court finds that it lacks subject-matter jurisdiction over this case. Therefore, it is ORDERED that this action is REMANDED to the Circuit Court of Montgomery County, Alabama, and the Clerk of Court is DIRECTED to take the appropriate steps to effectuate the remand.

DONE this 19th day of April, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE